IN THE
UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
PEORIA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>    Plaintiff,<br><br>v.<br><br>TIMOTHY WOOD,<br>    Defendant. | Case No. 1:17-CR-10061-JEH-3 |

### Order

Now before the Court are Defendant, Timothy Wood's motions for compassionate release. (D. 193 & 196). For the reasons stated, *infra*, the motions are denied.[1]

### I

### A

Wood was initially indicted on November 14, 2017, for charges related to the distribution and possession of methamphetamine with intent to distribute. On March 29, 2018, Wood entered a plea of guilty to Count 1 of the Superseding Indictment, and the Court accepted his plea. Subsequently, on September 5, 2018, Wood was sentenced to 240 months imprisonment, followed by 10 years of supervised release. An amended judgment on September 23, 2019, reduced his imprisonment sentence to 168 months, with all other terms remaining unchanged.

On May 13, 2024, Wood filed a motion for compassionate release. The court appointed the Federal Public Defender to represent him and directed the filing of an amended motion for compassionate release. On January 21, 2025, Wood's

---

[1] Citations to the electronic docket are abbreviated as "D. ___ at ECF p. ___."

appointed counsel filed a motion for compassionate release, accompanied by several exhibits. The Government filed its response in opposition to the motions for compassionate release on March 3, 2025.

### B

In Wood's *pro se* motion, he asserts three bases for why he was eligible for a reduced sentence. First, he asserts he has an unblemished prison conduct record. Second, he asserts he has served half of his original sentence. Third, he asserts that if he were sentenced today, a change in the law would have lowered his mandatory minimum sentence. (D. 193 at ECF 2-3). In his counseled motion, he adds another basis: the need to serve in a "coparenting role to benefit his daughter's life." (D. 196 at ECF p. 2). The Government argues that the circumstances cited by Wood are not "extraordinary and compelling" reasons to reduce his sentence. (D. 198).

### II

### A

Title 18, § 3582(c)(1)(A) creates an exception to the general rule that a "court may not modify a term of imprisonment once it has been imposed." 18 U.S.C. § 3582(c). As relevant here, a court "may reduce the term of imprisonment" if it finds that "extraordinary and compelling reasons warrant such a reduction" and "such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." *Id.* § 3582(c)(1)(A). Congress did not define "extraordinary and compelling reasons" in the statute. Instead, it delegated that task to the Commission. 28 U.S.C. § 994(t) (Commission, in policy statements, "shall describe what should be considered extraordinary and compelling reasons for sentence reduction" under § 3582(c)(1)(A)).

On November 1, 2023, the Commission amended § 1B1.13, which is its policy statement on reduction of prison terms under § 3582(c)(1)(A), setting forth the following:

>**(a) In General.**--Upon motion of the Director of the Bureau of Prisons or the defendant pursuant to 18 U.S.C. § 3582(c)(1)(A), the court may reduce a term of imprisonment (and may impose a term of supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment) if, after considering the factors set forth in 18 U.S.C. § 3553(a), to the extent that they are applicable, the court determines that—
>
>>**(1)(A)** Extraordinary and compelling reasons warrant the reduction; or
>>>**(B)** The defendant (i) is at least 70 years old; and (ii) has served at least 30 years in prison pursuant to a sentence imposed under 18 U.S.C. § 3559(c) for the offense or offenses for which the defendant is imprisoned;
>>
>>**(2)** The defendant is not a danger to the safety of any other person or to the community, as provided in 18 U.S.C. § 3142(g); and
>>
>>**(3)** The reduction is consistent with this policy statement.
>
>**(b) Extraordinary and Compelling Reasons.**--Extraordinary and compelling reasons exist under any of the following circumstances or a combination thereof:
>
>>**(1) Medical Circumstances of the Defendant.--**
>>>**(A)** The defendant is suffering from a terminal illness (i.e., a serious and advanced illness with an end-of-life trajectory). A specific prognosis of life expectancy (i.e., a probability of death within a specific time period) is not required. Examples include metastatic solid-tumor cancer, amyotrophic lateral sclerosis (ALS), end-stage organ disease, and advanced dementia.
>>>**(B)** The defendant is--
>>>>**(i)** suffering from a serious physical or medical condition,

>> **(ii)** suffering from a serious functional or cognitive impairment, or
>> **(iii)** experiencing deteriorating physical or mental health because of the aging process, that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover.
> **(C)** The defendant is suffering from a medical condition that requires long-term or specialized medical care that is not being provided and without which the defendant is at risk of serious deterioration in health or death.
> **(D)** The defendant presents the following circumstances-
>> **(i)** the defendant is housed at a correctional facility affected or at imminent risk of being affected by (I) an ongoing outbreak of infectious disease, or (II) an ongoing public health emergency declared by the appropriate federal, state, or local authority;
>> **(ii)** due to personal health risk factors and custodial status, the defendant is at increased risk of suffering severe medical complications or death as a result of exposure to the ongoing outbreak of infectious disease or the ongoing public health emergency described in clause (i); and
>> **(iii)** such risk cannot be adequately mitigated in a timely manner.

**(2) Age of the Defendant.**--The defendant (A) is at least 65 years old; (B) is experiencing a serious deterioration in physical or mental health because of the aging process; and (C) has served at least 10 years or 75 percent of his or her term of imprisonment, whichever is less.

**(3) Family Circumstances of the Defendant.--**
> **(A)** The death or incapacitation of the caregiver of the defendant's minor child or the defendant's child who is 18 years of age or older and incapable of self-care because of a mental or physical disability or a medical condition.
> **(B)** The incapacitation of the defendant's spouse or registered partner when the defendant would be the only available caregiver for the spouse or registered partner.

> **(C)** The incapacitation of the defendant's parent when the defendant would be the only available caregiver for the parent.
> **(D)** The defendant establishes that circumstances similar to those listed in paragraphs (3)(A) through (3)(C) exist involving any other immediate family member or an individual whose relationship with the defendant is similar in kind to that of an immediate family member, when the defendant would be the only available caregiver for such family member or individual. For purposes of this provision, 'immediate family member' refers to any of the individuals listed in paragraphs (3)(A) through (3)(C) as well as a grandchild, grandparent, or sibling of the defendant.

**(4) Victim of Abuse.**--The defendant, while in custody serving the term of imprisonment sought to be reduced, was a victim of:

> **(A)** sexual abuse involving a "sexual act," as defined in 18 U.S.C. 2246(2) (including the conduct described in 18 U.S.C. 2246(2)(D) regardless of the age of the victim); or
> **(B)** physical abuse resulting in "serious bodily injury," as defined in the Commentary to § 1B1.1 (Application Instructions);

that was committed by, or at the direction of, a correctional officer, an employee or contractor of the Bureau of Prisons, or any other individual who had custody or control over the defendant.

For purposes of this provision, the misconduct must be established by a conviction in a criminal case, a finding or admission of liability in a civil case, or a finding in an administrative proceeding, unless such proceedings are unduly delayed or the defendant is in imminent danger.

**(5) Other Reasons.**--The defendant presents any other circumstance or combination of circumstances that, when considered by themselves or together with any of the reasons described in paragraphs (1) through (4), are similar in gravity to those described in paragraphs (1) through (4).

**(6) Unusually Long Sentence.**--If a defendant received an unusually long sentence and has served at least 10 years of the term of imprisonment, a change in the law (other than an amendment to the Guidelines Manual that has not been made retroactive) may be considered in determining whether the defendant presents an extraordinary and compelling reason, but only where such change would produce a gross disparity between the sentence being served and the sentence likely to be imposed at the time the motion is filed, and after full consideration of the defendant's individualized circumstances.

**(c) Limitation on Changes in Law.**--Except as provided in subsection (b)(6), a change in the law (including an amendment to the Guidelines Manual that has not been made retroactive) shall not be considered for purposes of determining whether an extraordinary and compelling reason exists under this policy statement. However, if a defendant otherwise establishes that extraordinary and compelling reasons warrant a sentence reduction under this policy statement, a change in the law (including an amendment to the Guidelines Manual that has not been made retroactive) may be considered for purposes of determining the extent of any such reduction.

**(d) Rehabilitation of the Defendant.**--Pursuant to 28 U.S.C. 994(t), rehabilitation of the defendant is not, by itself, an extraordinary and compelling reason for purposes of this policy statement. However, rehabilitation of the defendant while serving the sentence may be considered in combination with other circumstances in determining whether and to what extent a reduction in the defendant's term of imprisonment is warranted.

**(e) Foreseeability of Extraordinary and Compelling Reasons.**--For purposes of this policy statement, an extraordinary and compelling reason need not have been unforeseen at the time of sentencing in order to warrant a reduction in the term of imprisonment. Therefore, the fact that an extraordinary and compelling reason reasonably could have been known or anticipated by the sentencing court does not preclude consideration for a reduction under this policy statement.

U.S.S.G § 1B1.13. Reduction in Term of Imprisonment Under 18 U.S.C. § 3582(c)(1)(A) (Policy Statement), FSG § 1B1.13.

## B

None of the bases asserted by Wood, considered singly or in combination with each other, fall within the Commission's definition of "extraordinary and compelling" reasons for reducing a sentence.

First, Wood's unblemished record while in prison may go toward demonstrating his rehabilitation. However, § 1B1.13(d) provides that "rehabilitation of the defendant is not, by itself, an extraordinary and compelling reason for purposes of this policy statement." U.S.S.G. § 1B1.13(d).

Second, nowhere does § 1B1.13 anywhere state that serving half of one's sentence can constitute an "extraordinary and compelling" reason to reduce a sentence. *See* U.S.S.G. § 1B1.13. The only sub-sections which reference the length of a sentence are § 1B1.13(a)(1)(B), § 1B1.13(b)(2), and § 1B1.13(6), none of which are applicable here.

Third, regarding any subsequent change in the law since Wood's sentencing, § 1B1.13(b)(6), regarding changes in law where an unusually long sentence was imposed, is in applicable because Wood has not served "at least 10 years" of his sentence. And, even if he had served that much of his sentence, the Seventh Circuit recently held that the Commission exceeded its authority when promulgating § 1B1.13(b)(6) to the extent that it allows a court to consider a non-retroactive change in the law as an "extraordinary and compelling reason" to reduce a sentence, either singly or in combination with other factors. *See United States v. Black*, ___ F.4th ___ (7th Cir. 2025), 2025 WL 758201. Also, § 1B1.13(c) provides that "a change in the law (including an amendment to the Guidelines Manual that has not been made retroactive) shall not be considered for purposes

7

of determining whether an extraordinary and compelling reason exists under this policy statement." U.S.S.G. § 1B1.13(c).

Lastly, the family circumstance posited by Wood as an extraordinary and compelling reason for a sentence reduction does not fall within the definition of that basis as set forth at § 1B1.13(b)(3) (essentially limiting this circumstance to where a defendant would be the only remaining caregiver of a minor child, disabled adult child, or incapacitated spouse, partner, or parent). U.S.S.G. § 1B1.13(b)(3). Wood makes no claim that his daughter's primary caregiver is in some way incapacitated and, although him being more available to co-parent would no doubt be beneficial for his child, that alone is not enough to be a "extraordinary and compelling" family circumstances as defined by the Commission. *Id.*

Given that none of Wood's asserted bases for an extraordinary and compelling reason to reduce his sentence fall within § 1B1.13, he is ineligible for reduction in his sentence. Moreover, the Court finds that none of the circumstances he asserts, whether singly or in combination, constitute an "other reason" for eligibility pursuant to § 1.1B.13(b)(5), in that they are not similar in gravity to those circumstances described in sub-sections (1) through (4). U.S.S.G. § 1B1.13(b)(f)

### III

For the reasons stated, *supra*, the Defendant's motions are denied.

*It is so ordered.*

Entered on March 18, 2025

s/Jonathan E. Hawley
U.S. DISTRICT JUDGE

8